CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 12 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WAYNE JEFFERY BRIDGES, ) | |
| Plaintiff, ) | Civil Action No. 7:08-cv-00622 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| BRISTOL VA CITY JAIL, ) | By: Hon. Glen E. Conrad |
| Defendants. ) | United States District Judge |

Plaintiff Wayne Jeffery Bridges, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Bridges alleges that officers at the Bristol, Virginia City Jail ("the jail") violated his constitutional rights by letting female officers see him naked. He seeks monetary damages against the jail. Upon consideration of the complaint, the court finds that this action must be dismissed without prejudice, pursuant to 42 U.S.C. § 1997e(a), because plaintiff admits on the face of his complaint that he did not file any administrative remedies with jail officials regarding his claim before filing this action.

## Background

On the § 1983 form on which he filed his case, Bridges offers only this statement of his claim:

> I was forced to strip naked and put in an isolation cell with a camera to where male and female staff could see. I was left there for several hours where staff and other inmates viewed me naked. I am suing this jail for $4,000.00 for forcing me to be viewed naked by staff and other inmates.

Question C on the § 1983 form asks, "Have you filed any grievances regarding the facts of your complaint?" Bridges checks, "No." On the verified statement form regarding exhaustion of administrative remedies, Bridges checks the option stating

> There are no administrative remedies available to me at this time either because the issue I raise is nongrievable, or because there is no grievance procedure at the correctional facility at which I am confined. I have attached documentation verifying my attempts to exhaust administrative remedies.

However, he attaches no documentation of any attempt to exhaust administrative remedies and below the printed paragraph, he adds his own explanation: "The primary offense is done and over[.] Grievance can't change."

## Discussion

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is well established that the exhaustion requirement is mandatory as a prerequisite to filing a civil action, Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 677 (4th Cir. 2005), and that the requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). The United States Supreme Court has held that Section 1997e(a) applies to "all inmate suits, whether they involve general circumstances or particular episodes, . . . allege excessive force or some other wrong,"or seek some form of relief not available through exhaustion of administrative remedies. Id. Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983. Woodford v. Ngo, 548 U.S. 81, 90 (2006). While failure to exhaust as required under § 1997e(a) is an affirmative defense, the court may raise the issue of exhaustion on its own motion and "in the rare case where failure to exhaust is apparent from

2

the face of the complaint," may summarily dismiss a complaint on that ground. Anderson, 407 F.3d at 682.

The court finds it clear from the face of Bridges' complaint that he did not pursue available administrative remedies before filing this lawsuit. He states that he did not file any grievances at the jail about the facts of his complaint, because grievances could not change what had already happened to him. At no time does he indicate that the jail has no administrative remedy procedure. His comments indicate his belief that if he cannot achieve a desired remedy through filing prison grievances, he does not need to complete the grievance procedure before coming to court with his claims. Under the Porter decision, he is clearly mistaken. Bridges was not excused from the exhaustion requirements of § 1997e(a) merely because the event over which he is suing is already past or because the jail grievance procedure does not provide a vehicle for inmates to seek monetary damages for past violations. As Bridges did not attempt to utilize the jail's administrative remedy procedures before filing this lawsuit, he did not comply with the requirements of § 1997e(a). Accordingly, the complaint must be dismissed without prejudice. An appropriate order shall be issued this day.

Plaintiff is advised that once he has completed the administrative remedies procedures through the highest level of appeal available to him, he may then refile his claims in a new civil action if he so desires, provided that he complies with all filing requirements and consents to pay the $350.00 filing fee.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 11th day of December, 2008.

/s/ Glen Conrad
United States District Judge